Dismissed and Opinion filed April 7, 2005









Dismissed and Opinion filed April 7, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00176-CR

____________

 

REYNALDO RAMIREZ ALVAREZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd District
Court

Brazoria County,
Texas

Trial Court Cause No. 46,174

 



 

M E M O R A N D U M   O P I N I O N

Appellant pled guilty on December 7, 2004, to the offense of
aggravated assault without an agreed recommendation from the State as to
punishment.  As part of the plea,
appellant signed a written waiver of his right to appeal.  Because appellant has waived his right to
appeal, we dismiss. 








The trial court entered a certification of the defendant=s right to appeal in which the court
certified that the defendant had waived the right of appeal.  See Tex.
R. App. P. 25.2(a)(2).  The trial
court=s certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d).

A waiver of the right of appeal is binding even if the
defendant did not receive a benefit in return for the waiver.  Monreal v. State, 99 S.W.3d 615, 622
(Tex. Crim. App. 2003).  The issue in
determining whether a waiver of the right to appeal is binding is whether the
waiver was Avoluntary, intelligent and
knowing.  Id.  Here, appellant was advised of his right to
appeal, the right to representation on appeal, and his signature on the plea
papers signifies his agreement to the waiver and his understanding of the
consequences of his plea.  Accordingly,
we find appellant=s waiver of the right to appeal is a valid, binding waiver.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

 

 

Judgment rendered and Opinion
filed April 7, 2005.

Panel consists of Justices Yates,
Anderson, and Hudson. 

Do Not Publish C Tex. R. App.
P. 47.2(b).